Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan H. Lefkow | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 1151 | **DATE** | 11/15/2002 |
| **CASE TITLE** | McCauley vs. Hydrosol, Inc. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Defendant's motion for summary judgment is granted and denied in part [#18]. Judgment is entered in Hydrosol's favor as to counts I through IV. The motion is denied as to count V. This case is set for trial on February 24, 2003. A status hearing is set for December 9, 2002. In the meantime, the parties are directed to meet in a sincere effort to resolve this case short of trial.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | 2 | Document Number |
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | NOV 18 2002 date docketed | |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | docketing deputy initials | 46 |
| | Copy to judge/magistrate judge. | | 11/15/2002 | |
| | | 02 NOV 18 AM 8:06 | date mailed notice | |
| MD | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials | |

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

LAURA McCAULEY,

    Plaintiff,

vs.

HYDROSOL, INC.,

    Defendant.

No. 01 C 1151
Judge Joan H. Lefkow

## MEMORANDUM OPINION AND ORDER

Plaintiff, Laura McCauley ("McCauley"), filed a five-count Complaint against defendant, Hydrosol, Inc. ("Hydrosol"), alleging in counts I and II race discrimination and retaliation pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000(e) *et seq.*, in counts III and IV race discrimination and retaliation pursuant to 42 U.S.C. § 1981, and in count V violation of the Family and Medical Leave Act of 1993 ("FMLA"), as amended 29 U.S.C. §§ 2601 *et seq.* Before the court is Hydrosol's motion for summary judgment. The court has jurisdiction over the claims pursuant to 28 U.S.C. § 1331, 29 U.S.C. § 2617(a)(2), and 42 U.S.C. § 2000e5-(f). For the reasons set forth below, the court grants Hydrosol's motion in part and denies it in part.[1]

---

[1] McCauley, in her response to Hydrosol's motion for summary judgment, admits that the facts do not support her claims in counts I through IV. (Pl. Resp. to Def. Mot. for Summ. J. at 2.) Thus, judgment is granted in favor of Hydrosol on these counts. The court, therefore, considers only the remaining FMLA claim under count V.



Throughout McCauley's employment, Hydrosol expressed concerns over McCauley's absences. From February 7, 1997 to March 7, 2001, McCauley had 185 total absences, with 43 of those absences being unexcused, 45 of the absences being expressly granted as FMLA leave, and 97 of the absences being otherwise excused. (Venturelli Dep. at Ex. 1.) Moreover, Hydrosol issued McCauley 16 disciplinary actions related to unexcused absences. (Def. L.R. 56.1 ¶ 5.)

On November 1, 1999, Hydrosol contacted McCauley concerning her attendance. A letter from then Vice President of Administration Raymond W. Marzec ("Marzec"), stated:

> I have reviewed your attendance record for the last three anniversary years and find that your increasing rate of absenteeism is not acceptable. The rules that cover absenteeism that are contained in our employee handbook were not designed to cover this type of abuse. If you do not show a significant improvement from this date foreward [sic], you may be subject to disciplinary action which may include suspension and/or termination.

McCauley received another letter from Marzec concerning her attendance on October 13, 2000. This letter read:

> On November 1, 1999 Jack Young, Kathy Venturelli and myself met with you to discuss your absenteeism. You were told that you needed to make a significant improvement or you would be subject to disciplinary action. We have reviewed your record from November 1, 1999 & we find that you have not made a significant improvement in your rate of absenteeism. Therefore, effective Oct. 16, 2000, Hydrosol is changing your work status from full-time to part-time. Your regular work hours are now Monday, Wednesday, & Friday from 7 AM to 3 PM.

Throughout 1999 and 2000, McCauley suffered from the following illnesses which resulted in the absences listed:

| | |
|---|---|
| Traumatic Back Strain | June 19-25, 1999 |
| Surgery-Left Arm | Aug. 16-19, 1999 |
| Back (due to car accident) | Feb. 7-Mar. 28, 2000 |
| Periorbital Edema | July 26-Aug. 2, 2000 |

3

| Tinea Pedis | September 13-18, 2000 |
| Acute Depression | Oct. 16-30, 2000 |

(Pl. L.R. 56.1 ¶ 6.) McCauley was granted FMLA leave for her back injury due to a car accident and her acute depression. The other above listed illnesses were simply listed as "excused absences." McCauley argues that these other illnesses either were FMLA leave, even if not designated as such, or should have been considered FMLA leave.

On March 31, 2001, Hydrosol terminated McCauley as part of a reduction in force. Hydrosol acknowledges that in determining which employees were to be part of the reduction in force, factors the company reviewed included employee attendance, performance, and attitude. (Def. L.R. 56.1 ¶ 11.) McCauley argues that Hydrosol considered both her FMLA absences and those excused absences which she argues are FMLA protected in its decision to terminate her. Hydrosol counters that in deciding to terminate McCauley, it did not consider any FMLA leave or otherwise excused absences, and that only McCauley's "unexcused" absences, along with her performance and attitude, were considered in McCauley's termination.

## DISCUSSION

"The FMLA establishes two categories of broad protections for employees." *King* v. *Preferred Technical Group*, 166 F.3d 887, 891 (7th Cir. 1999). Under the first category, the FMLA contains "prescriptive protections" expressed as statutory rights, providing an eligible employee an entitlement to an unpaid leave period of up to twelve workweeks during any twelve-month period for a serious health condition as defined by the Act. *Id.*; 29 U.S.C. § 2612(a)(1). Under the second category, the FMLA "affords employees protection in the event they are discriminated against for exercising their rights under the Act." *King*, 166 F.3d at 891; 29 U.S.C.

4

§ 2615(a)(1) & (2). FMLA regulations specifically provide that "[a]n employer is prohibited from discriminating against employees . . . who have used FMLA leave." 29 C.F.R. § 825.220(c). Moreover, an employer "cannot use the taking of FMLA leave as a negative factor in employment actions, such as hiring, promotions or disciplinary actions; nor can FMLA leave be counted under 'no fault' attendance policies." *Id.*

McCauley's cause of action arises from the second of these broad protections the FMLA affords. McCauley argues that Hydrosol improperly considered protected FMLA time in making its decision to discipline and terminate her. (Am. Compl. ¶ 1(c).) The parties, however, dispute which absences actually should be considered FMLA leave time. The court will address this issue first, to follow with an analysis of whether McCauley was otherwise discriminated against in the firing process because she took FMLA leave.

## A. Absences as FMLA Leave

McCauley did receive FMLA leave for her back injury from a car accident, in which she missed work from February 7 through March 28, 2000, and her acute depression, in which she missed work from October 16 through October 20, 2000. McCauley asserts that her excused absences resulting from traumatic back strain, surgery on her left arm, periorbital edema and tinea pedis should also be considered FMLA leave, because those illnesses were serious health conditions. McCauley's argument is clear: under the FMLA, an employee need only give notice that FMLA leave may be required. *Stoops v. One Call Communications*, 141 F.3d 309, 312 (7th Cir. 1998). McCauley claims she did give notice that these otherwise excused absences were FMLA qualifying. (Pl. L.R. 56.1 ¶ 7). After an employer receives notice of an FMLA qualifying illness, the employer may, but is not required to, seek a certification from a health care provider.

29 U.S.C. § 2613(a); *Rager v. Dade Behring, Inc.*, 210 F.3d 776, 777 (7th Cir. 2000). McCauley maintains that Hydrosol waived this certification option, and that the absences should therefore be considered serious health conditions covered by the FMLA.

McCauley, while ultimately correct in her discussion of notice and certification, fails to adequately address the threshold inquiry under the FMLA, namely, whether or not her illnesses qualified as serious health conditions. Issues of notice and certification are irrelevant absent some showing that McCauley was actually entitled to FMLA leave based on her illnesses. *See Bell v. Jewel Food Store*, 83 F. Supp. 2d 951, 957 (N.D. Ill. 2000) (Alesia, J.) (concluding that issue of notice to the employer was "irrelevant" because employee did not otherwise qualify for leave under the FMLA.) The court is to decide whether an illness qualifies as a serious health condition under the FMLA as a matter of law. *Haefling v. United Parcel Serv.*, 169 F.3d 494, 499 (7th Cir. 1999) ("Whether an illness or injury constitutes a 'serious health condition' under the FMLA is a legal question that an employee may not sidestep in the context of summary judgment merely by alleging his condition to be so."); *Bell*, 83 F. Supp. 2d at 958 ("Whether an employee suffers from a 'serious health condition' is a question of law.").

The FMLA defines a serious health condition as "an illness, injury, impairment, or physical or mental condition that involves (A) inpatient care in a hospital, hospice, or residential medical care facility; or (B) continuing treatment by a health care provider." 29 U.S.C. § 2611(11). The Department of Labor, in its FMLA regulations, has further clarified the definition of "continuing treatment by a health care provider" to mean:

> (i) A period of incapacity (i.e. inability to work, attend school or perform other regular daily activities due to the serious health condition, treatment therefore, or recovery therefrom) of more than three consecutive calendar days, and any

> subsequent treatment or period of incapacity relating to the same condition, that also involves:
>> (A) Treatment two or more times by a health care provider, by a nurse or physician's assistant under the direct supervision of a health care provider, or by a provider of health care services (e.g., physical therapist) under orders of, or on referral by, a health care provider; or
>> (B) Treatment by a health care provider on at least one occasion which results in a regimen of continuing treatment under the supervision of the health care provider.

29 C.F.R. § 825.114(a)(2)(i)(A) & (B).

While it is apparent from the record that McCauley's traumatic back strain, surgery on her left arm, periorbital edema and tinea pedis all caused absences in excess of three days, McCauley presents no evidence that these conditions caused her to be an inpatient in a hospital, hospice, or residential medical facility, or that she otherwise received treatment from a health care provider, nurse or physician's assistant sufficient to illustrate "continuing treatment" under the FMLA regulations. Instead, McCauley does nothing more than declare these ailments to be "serious health conditions." However, simply saying it is so does not defeat summary judgment. With no evidence illustrating that these illnesses qualify as serious health conditions, the court will not consider the excused absences to be FMLA leave when examining McCauley's FMLA discrimination claim.

## B. FMLA Discrimination

Having established that McCauley's absences from her traumatic back strain, surgery on her left arm, periorbital edema, and tinea pedis are not FMLA leave, the court will examine only those illnesses expressly granted as FMLA leave (McCauley's back injury from a car accident and acute depression) under McCauley's main claim for relief: that Hydrosol improperly counted these FMLA protected absences in their decision to terminate her. In situations where an

7

employee alleges that an employer discriminated against the employee for exercising her FMLA rights, but where the employee lacks direct evidence of such discrimination, courts apply the well-known balancing test established in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). *See, e.g., King*, 166 F.3d at 892 ("[I]n the absence of direct evidence of discrimination, we will apply the *McDonnell Douglas* burden-shifting framework to claims that an employer discriminated against an employee exercising rights guaranteed by the FMLA."). Because McCauley offers no direct evidence that her FMLA leave was considered in Hydrosol's decision to terminate her, she proceeds using this indirect method of proof.

Under the three-part *McDonnell Douglas* framework, to establish a *prima facie* case McCauley must show that: (1) she engaged in a protected activity; (2) Hydrosol took an adverse employment action against her; and (3) there is a causal connection between her protected activity and Hydrosol's adverse employment action. *King*, 166 F.3d at 892. If McCauley establishes her *prima facie* case, the burden then shifts to Hydrosol to articulate a legitimate non-discriminatory reason for the adverse employment action. *Id.* If Hydrosol meets this burden, McCauley has the opportunity to produce evidence that Hydrosol's proffered reason was pretextual. *Grayson v. O'Neill*, 308 F.3d 808, 818 (7th Cir. 2002). In other words, McCauley may bring forth "evidence that would, if believed by a trier of fact, show that the true reason for the employment action was discriminatory." *Johnson v. Nordstrom, Inc.*, 260 F.3d 727, 732 (7th Cir. 2001).

McCauley has established the first two parts of her *prima facie* case, as it is undisputed that she engaged in a protected activity by exercising her FMLA rights and Hydrosol did take two adverse employment actions against her, both when it reduced her to part-time status and when it

terminated her. As for the causal connection between the protected activity and the adverse employment action, McCauley must demonstrate that Hydrosol "would not have taken the adverse employment action but for [McCauley's] protected activity." *King*, 166 F.3d at 892; *Johnson v. City of Fort Wayne*, 91 F.3d 922, 938-39 (7th Cir. 1996). Since the court finds this part of McCauley's argument for her *prima facie* case blends into the issue of pretext, it will assume that McCauley has made her *prima facie* case and, using Hydrosol's argument that McCauley's unexcused absences and the reduction in force were non-discriminatory reasons for McCauley's discharge, proceed directly to pretext.

To illustrate pretext, McCauley must show that "either the stated reason was unworthy of credence or that a discriminatory reason more likely motivated" Hydrosol's decision. *Cliff v. Bd. of Sch. Comm'rs of City of Indianapolis*, 42 F.3d 403, 412 (7th Cir. 1995). Pretext in a reduction in force case is established by showing "that an improper motive 'tipped the balance' in favor of discharge." *Krchnavy v. Limagrain Genetics Corp.*, 294 F.3d 871, 876 (7th Cir. 2002), quoting *Testerman v. EDS Tech. Products Corp.*, 98 F.3d 297, 303-04 (7th Cir. 1996).

McCauley's argument for pretext centers on her contention that her non-FMLA absences[2] actually went down from the 1998/99 to 1999/00 anniversary years while her FMLA leave went up. (Pl. L.R. 56.1 ¶ 23.) According to McCauley, while her total absences for the 1998/99 and 1999/00 anniversary years went up, from 58 to 81 days, if the 45 days in 2000 that Hydrosol expressly granted as FMLA leave are subtracted, McCauley's non-FMLA protected absences actually went down in 1999/00 from 58 to 36 days, an improvement of 22 days. (Pl. L.R. 56.1 ¶

---

[2]Hydrosol objects in their response to McCauley's Local Rule 56.1 Statement that the characterization of absences as "FMLA protected absences" is an inappropriate conclusion. The court construes "FMLA protected absences" as those absences in which McCauley was expressly given FMLA leave.

23(a).) Based on this evidence, McCauley maintains Hydrosol terminated her at least in part because of her FMLA leave.

The court concludes that a question of fact exists as to whether McCauley's FMLA leave was taken into account in her termination. While the overall evidence concerning McCauley's termination and demotion can best be described as sparse, a reasonable trier of fact could find, based on McCauley's decrease in unexcused absences and the large number of FMLA excused absences McCauley was granted before her demotion and termination, that her FMLA time was taken into account both in her demotion and termination.

Moreover, Hydrosol, the party with the burden to show that no genuine issue of material fact exists, does not eliminate issues of fact concerning McCauley's demotion and termination. Hydrosol responds to McCauley's contentions that her FMLA leave was considered with guarantees by Hydrosol employees Kathy Venturelli, Hydrosol's human resources manager, and Marzec that no FMLA time was considered. Based on this response, Hydrosol is requesting the court to weigh the evidence, which it cannot do on a summary judgment motion. While a trier of fact may ultimately find Hydrosol's evidence, when combined with McCauley's unexcused absences, more persuasive then McCauley's statistical comparisons, the court cannot say as a matter of law that genuine issues of material fact are foreclosed. The court believes McCauley may be able to show that her FMLA time was considered both in her demotion to part time status and that it "tipped the balance" in favor of her discharge as part of a reduction in force. Thus, Hydrosol's motion for summary judgment as to count IV is denied.

## CONCLUSION

For the reasons stated above, Hydrosol's motion for summary judgment is granted and denied in part [#18]. Judgment is entered in Hydrosol's favor as to counts I through IV. The motion is denied as to count V. This case is set for trial on February 24, 2003. A status hearing is set for December 9, 2002. In the meantime, the parties are directed to meet in a sincere effort to resolve this case short of trial.

Dated: November 15, 2002

ENTER: _____
JOAN HUMPHREY LEFKOW
United States District Judge